NOVEMBER 9, 1802.

# Cyrus McCracken's Devisees *v.* Geo. Finley.

*Upon a writ of error to reverse a decree of the General Court.*

Where, by an agreement between M and F, F had an option to purchase a tract of land from M by paying him the state price and the expense of surveying it—*Held:* That the option must be exercised within a reasonable time, and that a delay of fifteen years, and until after M had died and devised his land to his children, was not reasonable, and a bill for the specific execution of the agreement directed to be dismissed.

In this case, it will only be necessary to decide upon the written agreement for the specific execution of which this suit was brought and upon the circumstances attendant thereon. This agreement was entered into on the 20th day of November, 1779. From the terms of it Finley had it in his election to pay the state price for four hundred acres of the land and the expenses of surveying and patenting the same, or to omit doing this. No offer to pay the money nor demand of a conveyance of the land is made of McCracken during his life. The land was settled on and improved by McCracken, and previous to his death, which happened in 1795, he made his last will and testament, by which he devised the land to the defendants. It seems to the court to be a well-settled principle in equity that where a person has an election to do or omit an act, he must make that election within a reasonable time, and that if he lies by and suffers the other party to the contract to go on and ameliorate the thing which is the subject of the contract, he shall not be permitted to make his election so as to deprive the party

of his ameliorations. This principle has a strong application to this case; here Finley did not make his election for fifteen or sixteen years; he did not determine in McCracken's lifetime, and by this delay put it out of McCracken's power to save himself by vesting the money in other lands, which he might have done even at the expiration of several years after the contract. This delay is so great, and not even an attempt to account for it, that the court is of opinion, it is not a case in which a specific performance should be decreed, and more especially against devisees whose patrimony will be lessened, and whose share of an estate will be smaller than the other devisees named in the will, when it was the evident intention of the testator to provide for them equally. If Finley had made his election, asserted and sustained his claim to this land in the lifetime of McCracken, it is fairly to be presumed that McCracken would have put the defendants upon an equality with the rest of the family by making different devises of his estate. The decree of the general court would produce inequality among the devisees of the testator; the situation of the defendants is thereby rendered much the worse, and they must sustain a loss by the negligence, backwardness, and delay of the defendant. If the defendant has any remedy, he may pursue it at law. It is, therefore, considered by the court, that the decree aforesaid be reversed and set aside; that the cause be remanded to the court from whence it came for the bill to be dismissed, and that the plaintiffs recover of the defendant their costs in this behalf expended, which is ordered to be certified to the said court.