Nelson, J.,
delivered the opinion of the Court.
*328 From the allegations in the bill, it appears that William Smith made his last will and testament on the 18th day of July, 1859, to which he executed 'a codicil on the 3d of September, 1859,' and that he departed this life on the — day of -, 1859. The complainant, Eliza, was the slave of the testator - at the date of the will and codicil, and at the time of his death.
In the- original will, the testator devised a part of his land to his daughter, Elizabeth Kennan, and then 'provided as follows: “All the balance of my land, where I now live, adjoining the lands of David Reynolds, John Reynolds and others, I give and bequeath to my son, Sevier Smith, on the following conditions: That the said Sevier Smith is hereby bound to support me and his mother, Winney Smith, and clear of want during our natural lives or during my wife’s widowhood.” In the eighth clause of the original will, it is provided: “It is also my will and desire that my black girl, Eliza, be free at, my death, and that she is not to be subject to be sold by any of my heirs, ‘ and that none of my children nor wife is to have any claim on her as being a slave; and she is to have the privilege of living on the land that I have given to my son, Se-vier, or living with any of the connection, as the case may be.”
The codicil, among other provisions, contains the following: “It is also my will that my black girl, Eliza, be not free until the death of my wife.” It is charged in the bill that, “since the death of said William, and since complainants were freed by the act of the government, they have continued to live on said land, and *329 with the said ’Winney Smith, as was desired by the said William, deceased.” '
It is further charged that Sevier Smith died intestate, after the death of the testator; that his interest in the land was sold to pay his debts, and bought by one David Kirkpatrick, who has brought an action of unlawful detainer against the complainants; and the objects of the bill are to enjoin said suit, to have the will so construed as to secure complainants a home on the land, and for general -relief.
A special demurrer was filed and allowed, and the bill dismissed without prejudice, and an appeal prayed to this Court, which the complainants were allowed to prosecute “in forma pauperi," as the record states.
We are of opinion that there is no error in the decree of the Chancellor dismissing the bill, and that it was properly dismissed on both the grounds assumed in the demurrer. ' • •
1. As it was declared by this Court in Chapman v. The State, 2 Head., 40, that the-Code’of Tennessee went into operation on the 1st day of May, 1858, a short time before the date of the testator’s will, it is not necessary to recur to any of the provisions of the former statute. Under the provisions of the Code, sections 2692 to 2710, the assent of the State to the emancipation of slaves could “ be given only • on condition of immediate removal from the State,” and provisions were made for their transportation to the Western coast of Africa. None were allowed to remain, “unless, from age or disease, they were unable to go.” It does not appear that the complainant, Eliza, ever obtained, or at *330 tempted to obtain, the assent of tbe State to ber emancipation. It was manifestly tbe intention of tbe testator that she should remain in tbe State, and the bequest of freedom, on this condition, was unlawful and void, not only under the Code, but under previous laws of a similar character, as construed in Bridgewater v. Bride, 1 Sneed, 195, and Boon v. Lancaster, 1 Sneed, 584, 585.
2. If any doubt can exist as to the true construction of the original will, there can be no doubt that, under the codicil, the right of complainant, Eliza, to emancipation, was only to táke effect upon the death of the testator’s wife, and as it appears from the bill that she is still living, this would be only an inchoate and imperfect right, that could not be enforced until after the demise of Mrs. Smith.
The privilege of living upon the land was void, as being contrary to the policy of the State at the date of the will, and the time of the death of the testator, and could not have been enforced if Mrs. Smith had died before the late civil war. The rights of the complainant, Eliza, so far as the questions raised in the bill are involved, depend upon the will and codicil, and not upon her subsequent freedom, under Article 13 of the Constitution of the United States, and later provisions in the Constitution of Tennessee, neither of which could so operate as to vest an interest in the land, or its use and enjoyment, contrary to the will of the testator, and the laws and policy of the State, existing at the time when it took, effect.
Let the decree of the Chancellor be affirmed.